## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBIN J. THOMPSON** and **OVERTON THOMPSON, III**, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| **CRISP CONTAINER COMPANY**, Serve: Registered Agent National Registered Agents, Inc. 208 South LaSalle Street, Suite 814 Chicago, IL 60604 | ) ) ) ) ) ) ) |
| and | ) ) |
| **PEPSI MIDAMERICA CO.**, Serve: Registered Agent National Registered Agents, Inc. 208 South LaSalle Street, Suite 814 Chicago, IL 60604 | ) ) ) ) ) ) ) |
| and | ) ) |
| **JASON RAY BRASHER**, Serve: 1250 Liberty Road Harrisburg, IL 62946 | ) ) ) ) ) |
| Defendants. | ) |

Civil Action No.

JURY TRIAL DEMANDED

## **COMPLAINT**

COME NOW Plaintiffs Robin J. Thompson and Overton Thompson, III, by and through their undersigned counsel, and for their Complaint against Defendants Crisp Container Company, Pepsi MidAmerica Company, and Jason Ray Brasher (collectively "Defendants") state the following:

## PARTIES

1. This lawsuit concerns a vehicular collision occurring on April 3, 2019, when by a tractor-trailer operated by Defendant Jason Ray Brasher, employee or agent of Defendant Crisp Container Company struck Plaintiff Robin J. Thompson's automobile from the rear.

2. Plaintiff Robin J. Thompson is an individual who was and is a citizen and resident of the State of Tennessee.

3. Plaintiff Overton Thompson, III is an individual who was and is a citizen and resident of the State of Tennessee.

4. Plaintiffs are husband and wife.

5. Defendant Jason Ray Brasher (hereinafter "Defendant Brasher") is an individual who was and is a citizen and resident of Saline County, Illinois.

6. Defendant Crisp Container Company (hereinafter "Defendant Crisp") is a duly organized and existing Illinois corporation, with its principal place of business located in Williamson County, Illinois, that operates in the state of Illinois and elsewhere as an interstate motor carrier.

7. Defendant Brasher was at all times material hereto an employee or agent of Defendant Crisp and was acting in the course and scope of his employment and/or agency for Defendant Crisp on April 3, 2019.

8. Defendant Pepsi MidAmerica Company (hereinafter "Defendant PMA") is a duly organized and existing Illinois corporation, with its principal place of business located in Williamson County, Illinois, that operates in the state of Illinois and elsewhere as an interstate motor carrier.

9. Defendant Crisp was at all times material hereto a manufacturing company serving freight needs for Defendant PMA and was acting in the course and scope of its agency for Defendant PMA on April 3, 2019.

## SUBJECT MATTER JURISDICTION

10. The claim arises out of a vehicular collision that occurred in Franklin County, Illinois on April 3, 2019.

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

12. Plaintiffs are citizens and residents of the State of Tennessee and are domiciled in Tennessee.

13. Defendant Brasher is a citizen and resident of the state of Illinois and is domiciled there. Defendant Crisp is a citizen of the state of Illinois. Defendant PMA is a citizen of the state of Illinois and is domiciled there.

## PERSONAL JURISDICTION

14. Defendant Crisp conducts substantial business in Illinois. Defendant Crisp maintains a registered agent in the State of Illinois. Defendant Crisp maintains sufficient minimum contacts with the State of Illinois and is subject to personal jurisdiction in Illinois.

15. Defendant Brasher maintains sufficient mitranimum contacts with the State of Illinois and is subject to personal jurisdiction in Illinois. Defendant Brasher was working for Defendant Crisp and traveling within the State of Illinois at the time of the automobile collision at issue in this Complaint.

16. Defendant PMA maintains a registered agent in the State of Illinois. Defendant PMA maintains sufficient minimum contacts with the State of Illinois and is subject to personal jurisdiction in Illinois. Defendant PMA conducts substantial business in Illinois.

**VENUE**

17. Venue is proper in the United States District Court for the Southern District of Illinois, Southern Division, pursuant to 28 U.S.C. § 1391 in that the wreck occurred in Franklin County, Illinois within this judicial district.

**FACTS**

18. On April 3, 2019, Plaintiff Robin Thompson was driving a 2017 Mercedes (hereinafter "Plaintiff's vehicle") northbound on Interstate-57 near milepost 79, in Franklin County, Illinois.

19. On April 3, 2019, Defendant Brasher was driving a 2011 Peterbilt tractor-trailer northbound on Interstate-57 near the same milepost 79, in Franklin County, Illinois.

20. On April 3, 2019, and at all times relevant hereto, Defendant Brasher's vehicle was owned by Defendant Crisp, and was being operated as part of Defendant Brasher's employment for Crisp Container.

21. On April 3, 2019, Defendant Brasher was, at all times, acting as an employee and/or agent for Defendant Crisp.

22. On April 3, 2019, Defendant Brasher and/or Defendant Crisp were at all times acting as an agent for Defendant PMA.

23. On April 3, 2019, northbound traffic had reduced speed due to road maintenance work with lane closure to the north.

24. Many cars and tractor-trailers, including Plaintiff's vehicle, reduced speed because of the maintenance work, and they eventually came to a stop.

25. While driving northbound on Interstate-57, Defendant Brasher negligently and recklessly failed to pay attention and failed to reduce speed and struck Plaintiff's vehicle in the rear.

26. The impact of Defendant Brasher's vehicle with Plaintiff's vehicle caused Plaintiff's vehicle to slam into the rear of another tractor trailer and then into the east guardrail.

27. As a result of the collision, Plaintiff Robin Thompson suffered serious injuries.

## COUNT I
### (Negligence, Gross Negligence, and Recklessness vs. All Defendants)

28. Plaintiffs allege and incorporate by reference every allegation contained in all previous paragraphs of this Complaint as if fully set forth herein.

29. At all times relevant herein, Defendant Brasher was an employee and/or agent for Defendants Crisp and PMA. Defendant Brasher was acting within the course and scope of his employment and/or agency for Defendants Crisp and PMA.

30. At all times relevant herein, Defendant Brasher was operating a vehicle owned by Defendant Crisp.

31. The collision at issue was caused by the negligence of Defendant Brasher as an employee and agent of Crisp and PMA in the following respects:

    a. He operated the vehicle in a careless manner;

    b. He failed to keep a careful lookout;

    c. He operated the vehicle at an excessive rate of speed under the circumstances;

      d.      He failed to comply with applicable state and federal regulations regarding the commercial operation of tractor-trailer units.

32. Due to the negligence of Defendant Brasher, Plaintiff Robin Thompson was injured on April 3, 2019.

33. Due to the negligence of Defendant Brasher, Plaintiff Robin Thompson personally sustained and will continue to sustain damages including physical and mental injuries, lost wages and benefits, emotional distress, and bills for reasonable and necessary medical care and treatment.

34. The conduct of Defendants as described above was so gross that it was gross negligence and recklessness. Defendants' conduct showed indifference to or a conscious and wanton disregard for the safety of Plaintiff Robin Thompson and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiff prays for judgment jointly and severally against Defendants Brasher, Crisp and PMA in Count I in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

### COUNT II
**(Negligence Per Se vs. All Defendants)**

35. Plaintiffs allege and incorporate by reference every allegation contained in all previous paragraphs of this Complaint as if fully set forth herein.

36. The acts and omissions as set forth herein constituted violations of the Illinois Compiled Statutes regarding the regulation of traffic as set forth with more specificity in Chapter 625 of the Illinois Compiled Statutes, including but not limited to: 625 ILCS. §§ 11-601.

37. The acts and omissions as set forth herein constituted violations of the Federal Motor Carrier Safety Regulations as set forth in Title 49 of the Code of Federal Regulations, including but not limited to: 49 C.F.R. §§ 385.5, 392.3, 392.6, 392.7, and 395.3.

38. As a direct and proximate result of Defendants' violations of the provisions enumerated above, Plaintiff Robin Thompson was injured on April 3, 2019.

39. Due to the negligence *per se* of Defendants, Plaintiff Robin Thompson personally sustained and will continue to sustain damages including physical and mental injuries, lost wages and benefits, emotional distress, and bills for reasonable and necessary medical care and treatment.

WHEREFORE Plaintiff prays for judgment jointly and severally against Defendants Brasher, Crisp and PMA in Count II in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT III
**(Negligence vs. Defendants Crisp and PMA)**

40. Plaintiffs allege and incorporate by reference every allegation contained in all previous paragraphs of this Complaint as if fully set forth herein.

41. Defendant Crisp was at all times material hereto a manufacturing company serving freight needs for Defendant PMA and was acting in the course and scope of its agency for Defendant PMA on April 3, 2019.

42. The above-mentioned collision occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant Crisp and PMA in the following respects:

    a. Defendants Crisp and PMA were negligent in their supervision of Defendant Brasher; and

   b. Defendants Crisp and PMA were negligent in their training of Defendant Brasher.

43. As a direct and proximate result of the negligence of Defendants Crisp and PMA, Plaintiff Robin Thompson was injured on April 3, 2019.

44. Due to the negligence of Defendants, Plaintiff Robin Thompson personally sustained and will continue to sustain damages including physical and mental injuries, lost wages and benefits, emotional distress, and bills for reasonable and necessary medical care and treatment.

WHEREFORE Plaintiff prays for judgment jointly and severally against Defendants Crisp and PMA in Count III in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT IV
### (Loss of Consortium vs. Defendants Brasher, Crisp and PMA)

45. Plaintiffs allege and incorporate by reference every allegation contained in all previous paragraphs of this Complaint as if fully set forth herein.

46. At all times relevant to this cause of action, Plaintiff Overton Thompson, III was the lawfully wedded spouse of Plaintiff Robin Thompson.

47. As a direct and proximate result of the aforesaid negligent acts or omissions, gross negligence and recklessness, Plaintiff Overton Thompson has lost the services, support, society and consortium of his wife, Plaintiff Robin Thompson, and shall lose same in the future.

48. As a direct and proximate result of the aforesaid negligent acts or negligence and recklessness, Plaintiff Overton Thompson, III has personally sustained and will continue to sustain actual damages, including lost wages and benefits, and bills for reasonable and necessary medical

care and treatment rendered to his wife, Plaintiff Robin Thompson, and he shall incur additional such expenses in the future.

WHEREFORE Plaintiff Overton Thompson prays for judgment jointly and severally against Defendants Brasher, Crisp and PMA in Count IV in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

**THE SIMON LAW FIRM, P.C.**

By: /s/ Erica B. Slater
John G. Simon, #35231
Erica Blume Slater, #63716
800 Market Street, Suite 1700
Saint Louis, Missouri 63101
P: (314) 241-2929
F: (314) 241-2029
E: jsimon@simonlawpc.com
   eslater@simonlawpc.com

and

Randall L. Kinnard, TN #4714
*pro hac vice forthcoming*
Jennifer M. Eberle, TN #21454
*pro hac vice forthcoming*
Kinnard Clayton & Beveridge
127 Woodmont Boulevard
Nashville, TN 37205
P: (615) 297-1007
F: (615) 297-1505
E: rkinnard@kcbattys.com
   jeberle@kcbattys.com

***Attorneys for Plaintiff***